■ In the Matter of the Application of ALAN D. MILLER, for Discharge or Release of RUFUS LEE, Respondent. EDWARD C. COSGROVE, as District Attorney of Erie County, Appellant.— Judgment unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: Acting under CPL 330.20 (subd. 2) the State Commissioner of Mental Hygiene petitioned Special Term for the release of Rufus Lee from Buffalo State Hospital and his return to the community. Lee had been tried for the murder in 1964 of two women, was found guilty and was sentenced to life imprisonment therefor in January, 1966. His conviction was reversed, and on retrial in April, 1972 he was found not guilty by reason of insanity, and since May, 1972 he has been at the Buffalo State Hospital. Petitioner asserts that Lee has responded so well to treatment that he is "neither dangerous nor abnormal"; that he has "a most excellent trial attorney * * * who has advanced his interests skillfully and he has shown the capacity to work to a plan developed by his attorney"; that the "hospital has been actively working with his trial attorney * * * and we are now in agreement that there is every reason * * * to secure permission from the Courts to return Mr. Lee to the community". Pursuant to CPL 330.20 (subd. 2), notice of the application for Lee's release was given to the Erie County District Attorney who thereupon sought to appear in behalf of the People at a hearing which was authorized under CPL 330.20 (subd. 3). Through his attorney Lee opposed any participation by the District Attorney at such hearing, other than as an observer, and Special Term agreed with him. The District Attorney appeals from the judgment entered so limiting his right of appearance at such hearing. He points out that in April, 1973 the Buffalo State Hospital petitioned the court to transfer Lee to Matteawan State Hospital because his behavior indicated that he presented a danger to persons in the community and to the hospital staff; and that less than three months later the instant petition for Lee's release to the community was made. Because of such apparent inconsistent petitions, Special Term in September, 1973 ordered

that two psychiatrists be appointed to examine Lee, which was done. One of the psychiatrists appointed reported at great length, discussing the difficulty in appraising whether a patient is dangerous, and he concluded that Lee continues to be dangerous to society. The other psychiatrist reported that, "Mr. Lee shows no insight and poor judgment. He remains hostile, belligerent and guarded. His behavior demonstrates an inadequate set of internal controls", and he concluded that Lee " cannot be safely discharged or released at this time." Lee contends that because the contemplated hearing is a civil proceeding (CPL 330.20, subd. 3) the District Attorney has no standing to participate in it and that the judgment should be affirmed. His position is that the provision for notice to the District Attorney in subdivision 2 of that section is only for the purpose of enabling the District Attorney who tried the criminal case against Lee to complete his file as to the final disposition of the case. The constitutionality of CPL 330.20 (subd. 1) (formerly Code Crim. Pro., § 454, subd. 1) was upheld in *People* v. *Lally* (19 N Y 2d 27) wherein the court stated (p. 33) : " We see no reason why a man who has himself asserted that he was insane at the time the crime was committed and has convinced the jury thereof should not in his own interest and for the protection of the public be forthwith committed for detention, examination and report as to his sanity ". " There is a reasonable ground for giving special treatment to a man who has been held not guilty because insane on his own plea to that effect. The Legislatures of this and other States have felt that such a jury verdict creates a situation where public safety as well as the defendant's safety require that he be committed and examined before returning to society " (p. 34). The special interest which the public has acquired in the confinement and release of people in this exceptional class of acquitted persons results from the fact that there has been a judicial determination that they have already endangered the public safety and their own as a result of their mental conditions. The public acquires a special interest in their confinement and release, which therefore must be considered by the court. When consideration is being given to the release of such a person, that public interest must be weighed against his claimed right to be set free. In view of the reports of the examination of Lee by the two appointed psychiatrists, it seems clear that, although the proceeding is not adversarial in nature (see *Lake* v. *Cameron*, 364 F. 2d 657, 661), the public should be represented at the hearing on the commissioner's petition to release him. Normally, of course, the Attorney-General would represent the People in a case affecting the public interest. Here, however, by law the Attorney-General represents the commissioner who is the petitioner, and, indeed, for that reason the Attorney-General recommended to Special Term that the District Attorney be authorized to appear and represent the People at the hearing, and only Lee opposed the District Attorney's participation thereat. Because of the District Attorney's former concern with Lee's conduct, which ultimately led to Lee's retention in the hospital, and because of the provision in CPL 330.20 (subd. 2) for notice to the District Attorney of an application for Lee's release, the proceeding, though civil, may fairly be held to fall within the ambit of the duties of the District Attorney. In view of the inability of the Attorney-General to act herein in behalf of the People and the provision in the County Law (§ 700, subd. 1) directing the District Attorney to perform such additional and related duties as may be prescribed by law, it is an appropriate extension of the duties of the District Attorney that he be authorized to represent the special public interest in the present application. We hold, therefore, that the District Attorney is a proper party to participate fully in behalf of the People at a hearing on the petition herein, and that the first ordering paragraph of the judgment should be modified to provide therefor. (Appeal from part

of judgment of Supreme Court, Erie County in proceeding pursuant to CPL 330.20.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Mahoney, JJ.